IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DEAN & ARLENE SCHAUF, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br><br> Defendant. | Case No. 12-cv-1006-LRR <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Capital One Bank (USA), N.A. ("Capital One"), and through its undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

1. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

2. This paragraph asserts a legal conclusion to which no response is required. With respect to the allegations in paragraph 2 of the Complaint, Capital One admits only that Capital One does not dispute jurisdiction in the above-captioned Court.

3. This paragraph asserts a legal conclusion to which no response is required. With respect to the allegations in paragraph 3 of the Complaint, Capital One admits only that Capital One does not dispute that venue is proper in the above-captioned Court. Capital One lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and therefore denies them.

- 1 -
Case 2:12-cv-01006-EJM   Document 5   Filed 06/14/12   Page 1 of 8

4. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

5. This paragraph asserts a legal conclusion to which no response is required. Capital One admits that Plaintiffs owe or have owed it debts relating to credit card accounts. To the extent that a response is required, Capital One lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies them.

6. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

7. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations contained in paragraph 7.

8. Capital One admits that Plaintiffs owe or have owed it debts relating to credit card accounts. Capital One otherwise denies the remaining allegations contained in paragraph 8.

9. Capital One admits that Plaintiffs owe a debt to Capital One. The remainder of the paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One lacks information sufficient to form

a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies them.

10. Capital One admits that, as a lender, it regularly attempts to collect the debts of its borrowers. Capital One denies that the principal purpose of its business is the collection of debts. The remainder of the paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore denies them.

11. Capital One admits the allegations contained in paragraph 11.

12. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies them.

13. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

14. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

15. Capital One admits the allegations contained in this paragraph.

16. Capital One denies the allegations contained in this paragraph. Capital One states that it received a letter dated January 4, 2012 on January 10, 2012 from Plaintiffs' attorney notifying Capital One that Plaintiffs were represented by an attorney.

17. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

18. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

19. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

20. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies them. Capital One continues to investigate this allegation. Capital One continues to investigate this allegation.

21. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

22. Capital One lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them. Capital One continues to investigate this allegation.

23. Capital One denies each and every allegation contained in paragraph 23 of the Complaint.

24. Capital One repeats and reasserts each and every response contained above.

25. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations contained in this paragraph.

26. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations contained in this paragraph.

27. Capital One repeats and reasserts each and every response contained above.

28. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations contained in this paragraph.

29. This paragraph asserts a legal conclusion to which no response is required. To the extent that a response is required, Capital One lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies them.

### Affirmative Defenses

1. Plaintiffs' claims fail to state a claim upon which relief may be granted.

2. Plaintiffs have failed to mitigate damages.

3. Plaintiffs' claims are barred by ratification.

4. Plaintiffs' claims are barred by waiver.

5. Plaintiffs' claims are barred by unclean hands.

6. Plaintiffs' claims are barred by the doctrine of estoppel.

7. Plaintiffs' claims are barred because Plaintiffs are the sole proximate cause of any alleged damage or liability.

8. Plaintiffs are barred from bringing claims against Capital One to the extent the acts or omissions complained of were not actions of the Capital One.

9. Capital One reserves the right to add additional affirmative defenses as discovery continues.

WHEREFORE Capital One prays that Plaintiffs' claims be dismissed with prejudice at Plaintiffs' cost; that judgment is entered in Capital One's favor against Plaintiffs in the amount of all sums due and owing to Capital One, with interest on the entire amount, plus Capital One's reasonable attorney's fees incurred in defending this matter; that this Court assess the cost of this action against Plaintiffs; and for such other and further relief as it deems just and appropriate under the circumstances.

Dated: June 14, 2012

FAEGRE BAKER DANIELS LLP

/s/ Lance W. Lange
Lance W. Lange  *Lead Counsel*
Lance.lange@FaegreBD.com
801 Grand Avenue, Suite 3100
Des Moines, IA 50309
 Telephone: (515) 248-9000
 Fax: (515) 248-9010

AND

FAEGRE BAKER DANIELS LLP

Aaron Van Oort, MN #315539*
 *aaron.vanoort@FaegreBD.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
 Telephone: (800) 328-4393
 Fax: (612) 766-1600

*Of Counsel*

**Attorneys for Defendant
Capital One Bank (USA), N.A.**

## Certificate of Service

The undersigned hereby certifies that a true copy of **Defendant's Answer and Affirmative Defenses** was filed electronically with the Clerk of Court through the CM/ECF Filing System, and as a result, it is the undersigned counsel's understanding that an electronic copy was also emailed by the Clerk of Court to the attorney listed below.

/s/ Lance W. Lange

Copies to:

J.D. Haas, Esq.
J.D. Haas and Associates, P.L.L.C.
10564 France Avenue South
Bloomington, MN 55431
Attorney for Plaintiff